Stanislaw CISEK, et al., Plaintiffs,

v.

NATIONAL SURFACE CLEANING,
INC., et al., Defendants.

No. 96 Civ. 2483 (LAK).

United States District Court,
S.D. New York.

Feb. 14, 1997.

Randall David Bartlett, Bartlett, Bartlett & Ziegler, New York City, for plaintiffs.

Michael Josep Volpe, Clifton Budd & De-Maria, New York City, Fredrick Richman, Solomon Richman Greenberg, P.C., Lake Success, NY, for defendants.

## MEMORANDUM OPINION

KAPLAN, District Judge.

This is an action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, to recover for non-payment of overtime wages. The matter is before the Court on the motion of plaintiffs' counsel, following settlement of the underlying claims for $10,002.20, for an award of attorney's fees and costs in the amount of $13,943.47, which defendants, as part of the settlement, agreed to pay.

The troublesome aspect of this application is that the amounts to be paid to the attorneys and to the plaintiffs themselves appear to have been negotiated together. Plaintiffs' counsel therefore had an inherent conflict of interest in that they reasonably should have perceived that every dollar the defendants agreed to pay them was a dollar that defendants would not pay to the plaintiffs. The question is the effect, if any, that this has on the propriety and amount of any fee award.[1]

A number of courts and commentators have expressed concern regarding the simultaneous negotiation of relief and attorney's fees in the settlement of class actions. *See Malchman v. Davis,* 761 F.2d 893, 904–05 (2d Cir.1985), *cert. denied sub nom. Mountain Plains Cong. of Sen. Orgs. v. Malchman,* 475 U.S. 1143, 106 S.Ct. 1798, 90 L.Ed.2d 343 (1986). The risk, of course, is that the interest of plaintiffs' counsel in counsel's own compensation will adversely affect

1. The defendants and plaintiffs' counsel agreed on the record that any amount by which the fees and costs defendants agreed to pay to plaintiffs' counsel exceeds the sum awarded by this Court will be paid to the plaintiffs themselves.

the extent of the relief counsel will procure for the clients. *E.g., Weissman v. Alliance Capital Mgmt. Corp.,* 650 F.Supp. 101, 104 (S.D.N.Y.1986). The same concern exists here. On the other hand, a flat prohibition on settlements in which the defendants' total exposure—including both relief and attorney's fees—is fixed or capped no doubt would discourage settlements, which would be an undesirable result. *See Evans v. Jeff D.,* 475 U.S. 717, 728 n. 15, 106 S.Ct. 1531, 1538 n. 15, 89 L.Ed.2d 747 (1986). Moreover, while the better practice may be for counsel to (1) abstain from discussion of attorney's fees until an agreement is reached on the relief to be obtained by the plaintiffs themselves or (2) negotiate a lump sum settlement and allow the court to allocate the fund between counsel and client, the district court is not required to deny fees or disapprove class action settlements where this course is not followed. *See Malchman,* 761 F.2d at 904–05; MANUAL FOR COMPLEX LITIGATION 3D § 23.24 (1995). What is required, however, is careful scrutiny of the settlement and the circumstances in which it was reached to ensure that it is untainted by counsel's conflict. *Id.; see Weissman,* 650 F.Supp. at 104–05.

According to plaintiffs' counsel, the $10,002.20 to be paid to the plaintiffs reflects 84 percent of the amount the plaintiffs would have recovered had they prevailed entirely. Counsel claims that the hours expended on this case, at their usual rates, would produce a lodestar amount in excess of $31,000 and that the requested fee award is less than half that amount. Thus, they argue, counsel will receive a proportion of the fees to which they are "entitled" far smaller than the proportion of plaintiffs' total claim received by them under the settlement.

The Court accepts as reasonable the hourly rates claimed by counsel. It accepts also that the time claimed actually was expended. While it has some reservations as to whether all of that time was spent efficiently—and therefore whether the inclusion of all of it in the lodestar is appropriate—the Court nevertheless is satisfied that the $13,943.47 sought by this application does reflect a percentage

of the appropriate lodestar amount substantially smaller than 84 percent. There is no reason to conclude that plaintiffs' counsel benefited at the expense of their clients. Taking into account all of the factors relevant to the determination of a fee award under 29 U.S.C. § 216(b),[2] the Court finds that the sum sought by plaintiffs' counsel is reasonable and that the settlement was untainted by conflict of interest.

### Conclusion

Plaintiffs' motion is granted, and their counsel are awarded attorney's fees and costs in the aggregate amount of $13,943.47.

SO ORDERED.

---

**2.** *See, e.g., Purcell v. Seguin State Bank and Trust Co.,* 999 F.2d 950, 961–62 (5th Cir.1993).